IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Ronald O. Haynes,

Petitioner,

No. CIV S-02-2686 FCD CMK P

vs.

James Valadez, Warden,

Respondent.

Findings and Recommendations

_______________________________/

Petitioner is a state prisoner proceeding pro se with this federal habeas action. In 1975, petitioner was convicted of two counts of first degree murder and kidnaping[1] and was remanded to the custody of the California Department of Corrections. Petitioner is serving a term of seven years to life and has not yet been found suitable for parole.

Petitioner's commitment offenses are not at issue in this action. Instead, petitioner seeks federal habeas relief on the grounds that he is being held under state laws that do not apply to his conviction, that he is being deprived of the protection of the matrix that should govern his sentence and that he has been stripped of his right to a fixed sentence under state law. Petitioner emphasizes that he is not seeking review of any particular decision by the Board, but is

[1]In his petition and in his traverse filed September 15, 2003, petitioner states that he was convicted of aiding and abetting to murder/kidnap. However, the abstract of judgment clearly indicates that petitioner was convicted of murder in the first degree and kidnaping. (Resp't Answer, Ex. A.)

challenging the Board's continuing failure to set a fixed sentence for him. Petitioner alleges violations of his rights to due process and equal protection under the Fourteenth Amendment and his right to freedom from cruel and unusual punishment under the Eighth Amendment.

**I. Standard of Review**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

///

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

**II. Discussion**

A. Due Process Violation

Petitioner contends that Cal Penal Code § 3041 requires the Board to give him a fixed release date. Section 3041 states that one year prior to an inmate's minimum eligible release date, a panel of at least two members of the Board shall meet with the inmate and shall normally set a parole release date. Petitioner contends that, because § 3041 provides that the Board shall normally set a fixed release date, the Board's failure to set a fixed release date for him violates his due process rights.

California's parole scheme gives rise to a cognizable liberty interest in release on parole. Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003). In the parole context, due process requires that parole procedures afford an inmate notice, an opportunity to be heard and, when found unsuitable for parole, a statement of reasons for the decision. Id. The failure to fix a parole date does not violate due process because "parole-related decisions are not part of the criminal prosecution [and therefore] the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated. Jancsek v. Oregon Bd of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987). The denial of this claim by the Solono Superior Court was not an unreasonable application of clearly established Supreme Court authority. Accordingly, the undersigned recommends that petitioner's claim that the Board violated his right to due process by failing to set a fixed release date for him be dismissed.

///

///

B. Equal Protection Violation

Petitioner next argues that by failing to set a release date under matrix which applies to his crime, the Board is violating his rights by making him serve a sentence that is longer than that proscribed for similar crimes of first degree murder. The matrix to which petitioner refers is contained in Cal. Code Regs. tit. 15 § 2403(b), which sets forth a matrix of base terms for first degree murder. The undersigned construes this claim as alleging a violation of the equal protection clause.

The constitution permits qualitative differences in the meting out of punishments, and there is no requirement that two persons convicted of the same offense receive identical sentences. Williams v. Illinois, 399 U.S. 235, 243 (1970). Parole considerations require only a rational relationship to legitimate state interests. McGinnis v. Royster, 410 U.S. 263, 270 (1973). To state a cognizable claim for violation of equal protection rights guaranteed by the Fourteenth Amendment, petitioner must allege that similarly situated prisoners were released on parole sooner than him. McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991). In other words, petitioner must show that prisoners convicted of first degree murder based on similar circumstances have been released on parole.

Petitioner has not made this showing. Petitioner was convicted of two murders which were committed in retaliation for stealing drugs from petitioner. Petitioner's crimes have been described as being carried out in a manner that "demonstrates an exceptionally callous disregard for human suffering and life..." (Resp't Answer, Ex. B.) Although petitioner has offered some examples of prisoners who were convicted of first degree murder being released on parole, he has not shown that their convictions were based on similar circumstances. see e.g., Cal. Penal Code §§ 3041(b) (stating in part that the panel "shall set a release date unless it determines that the gravity of the current convicted offense...is such that consideration of public safety requires a more lengthy period of incarceration...") . Accordingly, the undersigned recommends that his equal protection claim be denied.

C. Eighth Amendment Violation

Petitioner argues that the Board's failure to set a fixed date for his release according to the matrix which applies to his crime constitutes cruel and unusual punishment in violation of the Eighth Amendment. Successful challenges to the proportionality of particular sentences are "exceedingly rare." Solem v. Helm, 463 U.S. 277, 289-290 (1983). "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001, 111 S.Ct. at 2705 (1991) (Kennedy, J., concurring) (citing Solem v. Helm). See also United States v. Bland, 961 F.2d 123, 128 (9th Cir. 1992) (upholding a life sentence without possibility of parole for being a felon in possession of a firearm where defendant had an extensive criminal record).

Petitioner has failed to show that a primary term of life imprisonment[2] is constitutionally disproportionate to his individual culpability. He has not shown that (1) the punishment is not warranted in light of the specific circumstances of his offense (2) that the punishment imposed by the penal code for his offense is harsher than that imposed by the California Penal Code for more serious offenses or (3) that the punishment imposed by the California Penal Code is harsher than that imposed in other jurisdictions for the same offense. People v. Crooks, 55 Cal.App.4th 797, 807-08 (Cal.Ct.App. 1997). Petitioner participated in the kidnaping and murder of two victims in retaliation for a his home being broken into and drugs stolen. The victims were driven to a location, overdosed with heroin, then driven to a second location where they were shot in the back of the head. Although petitioner denies that he directly participated in the murders, he does admit participating in the events surrounding the murders. Under such circumstances, petitioner has failed to show that his implicit fixed term of life

---

[2]When the Board does not set a fixed release date for an inmate, the courts will deem the inmate's primary term to have been fixed at the maximum by default, which, in the instant case is life. In re Morrall, 102 Cal. App.4th 280 (Cal.Ct.App. 2002).

imprisonment is grossly disproportionate to his offense and to his individual culpability. The undersigned recommends that petitioner's claim that his sentence is cruel and unusual in violation of the Eighth Amendment be denied.

D. Ex Post Facto

Finally, petitioner argues that he is being "held under state laws that [do] not apply to his conviction." (Pet. at 5.) Petitioner is apparently alleging that the court construes this as an ex-post facto claim.

The ex post facto prohibition forbids Congress and the states from enacting any law which imposes a punishment for an act that was not punishable at the time it was committed or imposes additional punishment to that then proscribed. Weaver v. Graham, 450 U.S. 24, 28 (1981). The court assumes that petitioner's argument stems from California's Indeterminate Sentencing Law ("ISL"), which was in effect when petitioner was convicted in 1975, being replaced by the Determinate Sentencing Law ("DSL") in 1977. However, the DSL was inapplicable to petitioner's crime of first degree murder and had no impact on the determination of his sentence. In re Monigold, 139 Cal. App. 3d 285, 490 (Cal.Ct.App. 1983) (stating that with the enactment of the DSL, certain crimes remained punishable by indeterminate sentences, including first degree murder). Accordingly, the undersigned recommends that petitioner's ex post facto claim be denied.

## III. Conclusion

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's

///

Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 16, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE